UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN MILEUSNIC | ) | CASE NO. 20-21394-JRA |
| Aka John Louis Mileusnic | ) | CHAPTER 7 |
|         Debtor | ) | |
| _____ | ) | |
| NANCY J. GARGULA | ) | |
| UNITED STATES TRUSTEE | ) | Adv. Proc. No. 20-_____ |
|         Plaintiff | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| JOHN MILEUSNIC | ) | |
|         Defendant | ) | |

**COMPLAINT TO DENY DISCHARGE UNDER 11 U.S.C. § 727(a)(8)**

The Plaintiff, Nancy J. Gargula, United States Trustee for Region 10, by Jennifer W.

Prokop, Trial Attorney, brings this action pursuant to 11 U.S.C. § 727(a)(8) to deny the discharge

of Debtor John Mileusnic, and for such other relief as may be appropriate.

**PARTIES**

1.  The Plaintiff is Nancy J. Gargula, the United States Trustee for Region 10, by

Jennifer W. Prokop, Trial Attorney, with a business address of Office of the United States

Trustee, 100 East Wayne Street, Suite 555, South Bend, IN 46601.

2.  The Defendant is Debtor John Mileusnic who filed his Chapter 7 bankruptcy petition

on July 14, 2020.   His address as reported on his petition is 325 Plum Creek Drive, Schererville,

IN 46375.

**JURISDICTION AND VENUE**

3.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

1334, 28 U.S.C. § 157(a), 11 U.S.C. § 105(a) and  Fed. R. Bankr. P. 7001(4).   This matter is a

core proceeding under 28 U.S.C. § 157(b)(2)(J).

4.   The Plaintiff is statutorily obligated to monitor the administration of cases under

Chapter 7, 11, 12 and 13 of the Bankruptcy Code under 28 U.S.C. § 586(a)(3).   The Plaintiff has

standing to raise and to appear and be heard on any issue in any bankruptcy case or proceeding.

11 U.S.C. § 307.

5.   Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## FACTUAL BACKGROUND

6.   On September 16, 2014, the Defendant filed his voluntary petition under Chapter 7 of

the Bankruptcy Code, case number 14-23124.

7.   Defendant received a Chapter 7 discharge in case number 14-23124 on January 12,

2015.

8. On July 14, 2020, the Defendant filed his voluntary petition under Chapter 7 of the

Bankruptcy Code, case number 20-21394.

## COUNT I

9.   The Plaintiff incorporates all of the above allegations herein as if fully stated here.

10.   Section 727(a)(8) of the Bankruptcy Code provides, in relevant part, that the Court

shall not grant a discharge in a Chapter 7 case if the Debtor has been granted a discharge under §

727 in a case commenced within eight years before the date of the filing of the petition.

11.   The Defendant's Chapter 7 discharge should be denied because he obtained a

discharge in a case filed less than eight years prior to the filing of the current Chapter 7 case.

**WHEREFORE**, The United States Trustee, Plaintiff, respectfully requests that the

discharge of the Defendant be denied under 11 U.S.C. § 727(a)(8), and requests all other proper

relief.

Respectfully submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

By:    <u>/s/ Jennifer W. Prokop</u>
       Jennifer W. Prokop
       Trial Attorney for the UST

       Office of the U.S. Trustee
       100 East Wayne Street, Suite 555
       South Bend, IN 46601
       Office:   (574) 236-8245
       Fax:   (574) 236-8163
       Cell:   (202) 557-9532
       Jennifer.prokop@usdoj.gov

Department of Defense Manpower Data Center



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:              XXX-XX-1703

Birth Date:

Last Name:       MILEUSNIC

First Name:      JOHN

Middle Name:

Status As Of:    Oct-09-2020

Certificate ID:  L2QWCY6KY2318Q8

# UST Exhibit A

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other elig bility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.