IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN MILEUSNIC | ) | CASE NO.: 20-21394 |
|     Debtor(s) | ) | Chapter 7 |
| | ) | |

**OBJECTION TO CHAPTER 13 PLAN, FILED MARCH 26, 2021 (DOCKET #112)**
**(CREDITOR MANNING & MOURATIDES, P.C.)**

Creditor, Manning & Mouratides, P.C., by its, partner Kenneth A. Manning, make and file the following objections to Debtor's Chapter 13 Plan, filed March 26, 2021 (docket #112).

1. This case commenced as Chapter 7 case on July 14, 2020; and, was converted to Chapter 13 on March 17, 2021 (docket #108).

2. Debtor filed a Chapter 13 Plan on March 26, 2021.  In general the Chapter 13 Plan provides:

    A. Paragraph 2.1 payments of $349.02/month for 60 months;

    B. Paragraph 4.4 Priority claims (other than attorney fees and DSO obligations): None;

    C. Paragraph 5.1 Non priority unsecured claims will be paid 100%, estimated payment of $7,756.45.

3. Debtor has filed his current monthly income – Form 122A-1 (docket #250) showing:

    →    Current monthly income of -0-
    →    Debtor's current monthly income is below the State of Indiana income level

4. Debtor has also filed Schedule I & J (docket #24) showing:

    →    Debtor is retired, and his sole source of income is $1,726.00/month from Social Security;

    →    Debtor does not expect/anticipate an increase or decrease;

    →    Debtor's monthly net income is negative $1,990.00;

5. Debtor filed Schedule A & B list and disclosure $14,975.00 of "deposits of money".  The actual balance of Debtors bank accounts, as of the commencement of the case, was $32,584.42.

6. Creditor Manning & Mouratides, P.C. has a Chapter 7 administrative claim, which arose from the Chapter 7 proceedings.  The claim of $4,420.00 is shown and detailed on Claim #4.

7. Debtor's proposed plan does not provide for any treatment of creditor's administrative claim.

8. Debtor's proposed plan does not provide enough plan payments to pay all administrative costs and unsecured creditors.

9. Debtor does not qualify as an individual with regular income sufficient to pay all required Chapter 13 Plan payments 11 USC 109.

10. Debtor's proposed plan is not feasible; Debtor will be unable to make all plan payments as required.  11 USC 1325 (a) (6).

11. The applicable, and required, Plan period should be 3 years, as required by 11 USC 1325 (b)(4); Debtor's proposed plan is 60 months/5 years.

12. Debtor's proposed plan does not provide for any post-petition interest on unsecured claims. Debtor has over $30,000.00 of non-exempt deposit of money/bank accounts.

13. Debtor's proposed Chapter 13 Plan was not submitted in "good faith".  The amount of general unsecured claims (2 creditors) is $7,756.45; in addition to Chapter 13 Trustee fees and Debtor's attorney fees, there is only one administrative claim ($4,420.00).  Debtor is able to pay all creditors and claims immediately.

14. Debtor's Plan should identify and clarify the claim of Manning & Mouratides, P.C. and the treatment thereof.

Creditor Manning & Mouratides, P.C. Objects to Debtor's proposed Chapter 13 Plan, and requests hearing on Debtor's Plan and creditor's objection thereto.

    Manning & Mouratides, P.C.
    By:  Kenneth A. Manning, Creditor
    Attorney No: 9015-45
    120 W. Clark Street
    Crown Point, IN 46307

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, service of a true and complete copy of the above document was served by:

Electronic Notice:
United States Trustee – ustregion10.soec@usdoj.gove
Miguel Martinez - mmartinez@moseleymartinez.com
Paul Chael – paul@pchael13.com

Regular Mail to:
John Mileusnic, 325 Plum Creek Drive, Schererville, IN 46375

    /s/ Kenneth A. Manning
    Kenneth A. Manning